**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **FRANCISCO HERRERA,** | § | |
| **TDCJ #02151663,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **SA-21-CV-01266-XR** |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS, ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

**SHOW CAUSE ORDER**

Before the Court is *pro se* Plaintiff Francisco Herrera's ("Herrera") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). The Court granted Herrera's request to proceed *in forma pauperis* ("IFP"). (ECF Nos. 2, 4). Upon review, the Court finds Herrera's Complaint deficient. (ECF No. 1). Herrera is ordered to file an amended complaint clarifying his allegations and, to the extent possible, curing the Complaint's legal deficiencies, which are described below.

**BACKGROUND**

Herrera was indicted in 2016 for aggravated assault with a deadly weapon "& SBI–Fam/Dating" in Bexar County cause number 2016CR6195. (ECF No. 1); *see* Search Results (bexar.org) (last visited Mar. 16, 2022). The Bexar County District Attorney's Office moved to dismiss the indictment in 2017 because "a material witness [was] out of the country." (ECF No. 1); *see* Search Results (bexar.org). The motion was granted. (ECF No. 1); *see* Search Results (bexar.org). Herrera was re–indicted for the same offense in 2017 in cause number 2017CR3850. (ECF No. 1); *see* Search Results (bexar.org). Herrera entered a plea of no contest to the charged offense pursuant to a negotiated plea agreement. (ECF No. 1); *see* Search Results (bexar.org). On August 4, 2017, pursuant to the plea agreement, Herrera was convicted of

aggravated assault with a deadly weapon "& SBI–Fam/Dating" in Bexar County cause number 2017CR3850; he was sentenced to sixteen years' confinement. *See* Texas Department of Criminal Justice Inmate Search (last visited Mar. 16, 2022); *see also* Search Results (bexar.org).

On the date of conviction and sentencing, Herrera filed a motion to withdraw his plea. *See* Search Results (bexar.org). The trial court denied the motion. *See id.* Herrera appealed to the Fourth Court of Appeals. *See Herrera v. State*, No. 04-17-00541-CR, 2017 WL 5162634 (Tex. App.—San Antonio Nov. 8, 2017, no pet.) (not designated for publication). The appellate court held that because the punishment assessed by the trial court did not exceed the punishment recommended by the State and agreed to by Herrera, the appeal was subject to dismissal; Herrera did not have a right to appeal. *Id.* at *1. Herrera did not challenge the appellate court's dismissal by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

While confined in the Texas Department of Criminal Justice ("TDCJ"), Herrera filed this civil rights action pursuant to section 1983 based on events arising out of and related to his 2017 conviction. (ECF No. 1). Herrera named as defendants in this matter: (1) the State of Texas; (2) Judge Mary D. Roman ("the Judge"); (3) Clarissa F. Pratt, a Bexar County Assistant District Attorney ("the ADA"); (4) the Bexar County District Attorney ("the DA"); (5) "Bexar County District Clerks" ("the Clerks"); (6) Gerardo C. Flores, Herrera's court–appointed attorney; (7) John C. Moncure, State Counsel for Offenders Appellate Attorney; and (8) Tammi Mustgrave, law librarian at TDCJ's Dalhart Unit. (*Id.*). Herrera seems to contend the Judge, the ADA, and Flores violated his constitutional rights with regard to events occurring before and during his 2017 criminal proceedings. (*Id.*). As to the Clerks, Herrera contends they violated his civil rights by failing to provide him free copies of the record from his 2017 criminal proceeding. (*Id.*). He

contends Moncure failed to assist him when requested. (*Id.*). Finally, although named as Defendants, Herrera includes no allegations against either the State of Texas or the DA. (*Id.*).

As relief, Herrera seems compensatory damages. (*Id.*). He also seeks disciplinary action against Defendants and the right to appeal his conviction. (*Id.*).

**APPLICABLE LAW**

Under section 1915A(a) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case, notwithstanding any filing fee, if it is determined that action is (i) frivolous or malicious, (ii) fails to state claim on which relief may be granted, or (iii) seeks monetary relief from defendant who is immune from such relief). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is

3

'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *see Haines v. Kerner*, 404 U.S. 519 , 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### DEFICIENCIES IN HERRERA'S COMPLAINT

#### A. Statute of Limitations — The Judge, the ADA, and Flores

Herrera's section 1983 claims against the Judge, the ADA, and Flores are based on the 2016 dismissal of the original indictment and his 2017 indictment and conviction. (ECF No. 1). (ECF No. 1). However, Herrera did not file this section 1983 action until 2021. (*Id.*). Thus, it appears Herrera's claims are barred by limitations.

Section 1983 contains no statute of limitations provision. *Owens v. Okure*, 488 U.S. 235, 39–40 (1989); *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016); *see* 42 U.S.C. § 1983. Thus, the applicable statute of limitations is determined by the general statute of limitations governing personal injury actions in the forum state. *Owens*, 488 U.S. 235, 39–40; *Heilman*, 636 F. App'x at 366. Texas has a two–year statute of limitations for personal injury claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Ashley v. Hawkins*, 293 S.W.3d 175, 180 (Tex. 2009). The limitations period begins to run when the cause of action accrues, which is when the plaintiff knows or has sufficient information to know that he has suffered an injury. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). Courts may raise the defense of limitations *sua sponte* where it is clear from the face of a complaint filed IFP that the claims are barred. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

On the face of his Complaint, Herrera expressly states the events forming the basis for his section 1983 claims against the Judge, the ADA, and Flores occurred in 2016 and 2017. (ECF No. 1). Herrera filed his original Complaint in this matter on December 20, 2021, more than two years after the events forming the basis of his civil rights claims against these Defendants. (*Id.*). Thus, it appears his claims in this matter are barred by the applicable statute of limitations, and Herrera does not raise any claim regarding the tolling of limitations. (*Id.*).

Accordingly, in any amended complaint, as to his claims against the Judge, the ADA, and Flores, Herrera must show why his claims should not be dismissed for failure to state a claim upon which relief may be granted based on limitations. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### B. *Heck–Barred — The Judge, the ADA, and Flores*

Herrera's claims against the Judge, the ADA, and Flores also appear to be barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover for an alleged unconstitutional conviction or imprisonment, or other harm caused by unlawful action that would render a conviction or sentence invalid, a plaintiff pursuing a section 1983 action "must prove his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87.

Herrera does not allege, must less prove, that his conviction has been reversed, expunged, declared invalid, or called into question. *See id.* As discussed above, Herrera's appeal to the Fourth Court of Appeals resulted in a dismissal. *See Herrera*, 2017 WL 5162634, at *1. This Court has reviewed the records from the Texas Court of Criminal Appeals and found no filings by Herrera challenging his conviction. Thus, Herrera's claims against the Judge, the ADA, and Flores appear to be barred.

Therefore, to avoid dismissal, Herrera should provide proof in any amended complaint that his conviction for aggravated assault with a deadly weapon "& SBI–Fam/Dating" in cause number 2017CR3850 has been overturned or called into question by a court. *See Heck*, 512 U.S. at 486–87. If Herrera fails to establish his conviction has been overturned or called into question by a court, his claims against the Judge, the ADA, and Flores are subject to dismissal. *See Heck*, 512 U.S. at 486–87; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**C.  *Absence of Allegations & Eleventh Amendment Immunity— State of Texas***

    *1.  Absence of Allegations*

Although Herrera listed the State of Texas as a defendant, the Complaint contains no allegations against that entity. (ECF No. 1). To state a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must include allegations with "enough facts to state a claim to relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Thus, under the notice pleading requirement for a federal lawsuit, Herrera is required, among other things, to: (1) state with particularity the acts or omissions committed by those he claims caused him damage; and (2) identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a). The Court finds Herrera has failed to comply with Rule 8 with regard to the State of Texas.

Accordingly, in any amended complaint, Herrera must include allegations against the State of Texas that comply with the pleading requirement of Rule 8. If Herrera fails to sufficiently replead, his claims against the State of Texas are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

    *2.  Eleventh Amendment Immunity*

The Eleventh Amendment of the United States Constitution bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States

shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one

of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.").

It divests federal courts of subject–matter jurisdiction over suits against a state, unless the state has

waived immunity or Congress has enacted a valid override. *Kentucky v. Graham*, 473 U.S. 159,

169 (1985); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002).

Section 1983 does not include a waiver of the states' sovereign immunity and the State of

Texas has not waived its Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338

(1979); *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996). In addition, it is well settled that

"a State is not a 'person' within the meaning of § 1983." *Will v. Michigan Dep't of State Police*,

491 U.S. 58, 65 (1989).

Accordingly, in any amended complaint, Herrera should either remove the State of Texas

as a Defendant or establish immunity has been waived. If Herrera fails to do so, any claims against

the State of Texas are subject to dismissal for want of jurisdiction. *See* U.S. CONST. amend. XI.

### D. *Absence of Allegations — the DA*

As with the State of Texas, Herrera's Complaint includes no allegations against the DA.

(ECF No. 1). Accordingly, in any amended complaint, Herrera must include allegations against

the DA that comply with the pleading requirement of Rule 8. *See supra*. If Herrera fails to

sufficiently replead, his claims against the DA are subject to dismissal for failure to state a claim

upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### E. *Immunity — the Judge*

#### 1. *Eleventh Amendment — Official Capacity*

To the extent Herrera's claims are brought against the Judge in her official capacity for

monetary damages or other retrospective relief, such claims are barred by the Eleventh

Amendment. *See* U.S. CONST. amend. XI. The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With regard to section 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities, they are not deemed "persons" for purposes of section. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, section 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

Texas state judges are agents of the State of Texas when acting in their judicial capacity. *See, e.g., Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008). Accordingly, in any amended complaint, Herrera should omit any claims against the Judge in her official capacity for monetary damages or other retrospective relief as such claims are barred. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. amend. XI.

2. *Judicial Immunity – Individual Capacity*

Judges generally have absolute immunity from suit. *Mireles v. Waco, 502 U.S. 9, 9–10 (1991); Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 222 (5th Cir. 2009). Judicial immunity is immunity from suit, not just the assessment of damages. *Mireles*, 502 U.S. at 11; *Davis*, 565 F.3d at 222. In *Forrester v. White, the Supreme Court described the purposes served by judicial immunity*:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have .... If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

484 U.S. 219, 226–27.

Absolute judicial immunity does not apply in certain limited circumstances. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. First, judges are not immune from liability for non–judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Second, judges are not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Finally, judges are not immune when the plaintiff seeks prospective relief for an allegedly ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908). Allegations of bad

faith or malice are not sufficient to overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Nothing in the Complaint shows an ongoing violation of federal law, and there is no allegation of an absence of jurisdiction. *See Mireles*, 502 U.S. at 11–12; *Young*, 209 U.S. at 155–56. Thus, the only possible applicable exception to judicial immunity would be that the Judge acted outside her judicial capacity. *See Mireles*, 502 U.S. at 11–12.

The Fifth Circuit "has adopted a four–factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and   (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Davis*, 565 F.3d at 222–23 (citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005)). These factors are broadly construed in favor of immunity. *Id.* at 223.

Here, Herrera complains about the Judge's refusal to grant the motion to withdraw his plea of no contest. (ECF No. 1). Ruling on motions such as the one filed by Herrera is a normal judicial function that occurs in a courtroom. A ruling on a motion such as this always centers around a case pending before the court and arises out of a visit to the judge in his or her official capacity. *See Davis*, 565 F.3d at 222–23. Thus, after considering the foregoing factors, it appears Herrera's claims against the Judge in her individual capacity is barred by judicial immunity. *See id.* at 222–23. Thus, to maintain his claims against the Judge in her individual capacity, Herrera must, in any amended complaint, show why the Judge is not entitled to judicial immunity. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### F. *Immunity — the DA & the ADA*

#### 1. *Eleventh Amendment — Official Capacity*

To the extent Herrera's claims are brought against the DA and the ADA in their official capacities for monetary damages, such claims are barred by the Eleventh Amendment based on the same law as cited above. *See* U.S. CONST. amend. XI. The Fifth Circuit has stated on numerous occasions that district attorneys and assistant district attorneys in Texas are agents of the state when acting in their prosecutorial capacities. *See, e.g., Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). Thus, Herrera's claims against the DA and the ADA in their official capacities for monetary damages or other retrospective relief are subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71. Accordingly, in any amended complaint, Herrera should omit any claims against the former DA and the ADAs in their official capacities for monetary damages or other retrospective relief. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. amend. XI.

#### 2. *Prosecutorial Immunity — Individual Capacity*

To the extent Herrera asserts section 1983 claims against the DA and the ADA in their individual capacities for monetary damages, it appears such claims are also barred by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269–73 (1993); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Prosecutors are absolutely immune from liability in a civil rights lawsuit seeking monetary or other retrospective relief for any actions taken by them within the course and scope of representing governmental agencies and subdivisions in judicial proceedings, i.e., when acting as advocates of the state. *Buckley*, 509 U.S. at 269–73; *Booker*, 2 F.3d at 116. "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of

absolute immunity." *Buckley*, 509 U.S. at 273. Prosecutors are immune even if their actions are malicious or willful if the actions occur in the exercise of the advocatory function. *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003).

Herrera has not alleged any facts showing the DA or the ADA were acting outside the course and scope of their roles as advocates for the State of Texas with regard to the criminal prosecution against him. (ECF No. 1). Thus, it appears the DA and the ADA are immune and therefore, to avoid dismissal, Herrera must file an amended complaint showing why his claims against these individuals should not be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### G. Non–State Actor — Flores

Herrera seems to contend his court–appointed trial attorney violated his civil rights during his state criminal proceeding by failing to properly investigate, failing to file motions favorable to Herrera or motions presented for his signature by Herrera, conspiring to have Herrera enter a plea agreement, and abandoning Herrera. (ECF No. 1).

To state a claim under section 1983, a plaintiff must show the defendant violated his constitutional rights while acting *under color of state law*, i.e., was a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014); *see* 42 U.S.C. § 1983. Neither a court–appointed attorney nor a privately–retained attorney are state actors for purposes of section 1983. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)).

Flores, as Herrera's court–appointed criminal defense counsel, is a non–state actor and therefore, not subject to suit under section 1983 conduct unless Herrera can show Flores's conduct is "fairly attributable to the State." *See Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017). Thus, to avoid dismissal of his claims against Flores, Herrera must file an amended complaint establishing Flores's liability as a non–state actor. If he fails to do so, his claims against Flores are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Herrera is reminded conclusory allegations are insufficient. *See Twombly*, 550 U.S. at 555.

## H. Discrimination Allegations, No Constitutional Violation, & Immunity — the Clerks

### 1. Discrimination Allegations

Herrera contend the Clerks violated his constitutional rights by discriminating against him when they refused to provide him with a free copy of the record from his criminal proceedings. (ECF No. 1). Herrera fails to state how the refusal constitutes discrimination. (*Id.*). Thus, as to the Clerks, Herrera's Complaint fails to state a claim upon which relief may be granted as it is factually insufficient. *See Twombly*, 550 U.S. at 555–56, 570; FED. R. CIV. P. 8(a).

If the Court assumes Herrera is alleging discrimination based on race, he has alleged a violation of the Equal Protection Clause. (ECF No. 1); *see Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). To state a claim of racial discrimination under the Equal Protection Clause and section 1983, a plaintiff must demonstrate that the government official who allegedly engaged in the discrimination was motived by intentional discrimination on the basis of race. *Coleman*, 113 F.3d at 533 (citing *Washington v. Davis*, 427 U.S. 229, 238–42 (1976); *Vera v. Tue*, 73 F.3d 604, 609 (5th Cir. 1996)). No such allegations are found in Herrera's Complaint. (ECF No. 1). Thus, Herrera's discrimination allegation, to the extent it is based on race, is

insufficient to maintain an Equal Protection Clause claim based on racial discrimination. *See Whitley v. Hunt*, 158 F.3d 882, 888–89 (5th Cir. 1998) (affirming district court's dismissal of inmate's section 1983 complaint where inmate's claim of racial discrimination lacked any factual support), *abrogated on other grounds*, *Booth v. Churner*, 532 U.S. 731 (2001).

Accordingly, Herrera should file an amended complaint that includes factual support for any racial discrimination claim. Specifically, he should provide underlying material *facts* that show the Clerks' failure to provide him with a free copy of the record was motived by intentional discrimination based on race.

### 2. No Constitutional Violation

Under Texas law, indigent defendants have a right to appointed counsel and a free trial record on direct appeal. *In re Bonilla*, 424 S.W.3d 528, 532 (Tex. Crim. App. 2014). However, they do not have the same right to counsel or a free record for discretionary review or collateral attacks, which the Court assumes is the purpose of Herrera's request. *Id.* Although a clerk must provide, when asked, the cost of a requested record, the clerk need not provide the record without payment in the absence of court order. *Id.*; *see In re Pena*, 619 S.W.3d 837, 838–39 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). Thus, any failure by the Clerks to provide Herrera with a free copy of the record from his criminal proceedings is not a violation of his constitutional rights. Herrera has not alleged the Clerks were ordered to provide him with a copy of the record. (ECF No. 1).

Based on the foregoing, the Court finds that as to the Clerks, Herrera has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). To avoid dismissal, Herrera must show, in any amended complaint, how the failure to provide him

with a free copy of the record violates his constitutional rights. Herrera is again reminded conclusory allegations are insufficient. *See Twombly*, 550 U.S. at 555.

    *3.  Immunity*

    Court clerks are absolutely immune from actions "for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001); *see Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). The reason for such immunity is based on the ministerial nature of a clerk's duties in Texas. As recognized by the Texas Court of Criminal Appeals, a court clerk's performs ministerial duties at the behest of a judge. *See Sharp v. State*, 677 S.W.2d 513, 514 (Tex. Crim. App. 1984). Thus, a court clerk's immunity is similar to that of a judge. *See Clay*, 242 F.3d at 682.

    Under the circumstances presented here, in the absence of a court order, the Clerks cannot provide Herrera with a free copy of his record. *See supra*. Thus, it appears they are entitled to quasi–judicial immunity. *See Clay*, 242 F.3d at 682. To avoid dismissal, Herrera must show why the Clerks are not entitled to immunity or face dismissal of his claims against the Clerks.

### I.  *Vague, Conclusory Allegations — Moncure*

    Herrera contends in a single, conclusory statement that Moncure, who he contends is an appellate attorney for the State Counsel for Offenders, refused to "help" him despite several requests.[1] (ECF No. 1). Herrera does not explain Moncure's duty to assist him, how Moncure's alleged refusal is a violation of his constitutional rights, or what right or rights were violated. (*Id.*).

---

[1] The State Counsel for Offenders ("SCFO") provides legal services exclusively to indigent persons confined in Texas correctional facilities. *See* https://www.tdcj.texas.gov/tbcj/scfo/index.html (last visited Mar. 16, 2022). It reports to the Texas Board of Criminal Justice but is independent of and not a division of the TDCJ. *Id.* The Appellate Section of the SCFO assists indigent clients needing help with *some* habeas writs. *See* https://www.tdcj.texas.gov/tbcj/scfo/appellate_section.html (last visited Mar. 16, 2022). It may also pursue appeals on behalf of clients previously represented by the Criminal Defense Section of the State Counsel for Offenders. *Id.* Attorneys in the Appellate Section *may* also assist clients "who discover substantial errors in regard to their convictions." *Id.*

As set out above, to comply with Rule 8(a), a plaintiff must include in his Complaint "enough facts to state a claim to relief that is plausible on its face[,]" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a). Thus, under Rule 8(a), with respect to Moncure, Herrera must, at a minimum, explain how Moncure has a duty to assist him and identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a). Herrera's failure to provide this minimum level of pleading in an amended complaint subjects his claim against Moncure to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### J. Denial of Access to Courts — Mustgrave

Herrera contends the law librarian for the Dalhart Unit, Mustgrave, deprived him of copies of his record and New York case law. (ECF No. 1). The Court interprets this as a First Amendment denial of access to courts claim. *See* U.S. CONST. amend. I.

Inmates have a constitutionally protected right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). Although the precise contours of an inmate's right of access to the courts under the First Amendment remain somewhat obscure, *see Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir. 1993), in *Lewis v. Casey*, the Supreme Court stated an inmate must show an "actual injury." 518 U.S. 343, 349–51 (1996); *see Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). The Court explained this requires the inmate show more than the inability to file a claim; rather, he must show he would have been able to bring a nonfrivolous claim with arguable legal merit but could not because of defendant's acts or omissions. *Id.* at 351–53; *see Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Moreover, the inmate must show that he was prejudiced in a specific lawsuit. *Minix v. Stoker*, 289 Fed. App'x 15, 17 (5th Cir. 2008) (per curiam) (citing *McDonald v.*

*Steward,* 132 F.3d 225, 230–31 (5th Cir.1998)). In the absence of a showing of an actual injury, an inmate lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

Here, Herrera provides no details concerning any particular legal matter in which he was unable to file a claim or otherwise participate, nor does he demonstrate how such litigation involved "arguable claims." Thus, Herrera fails to allege an "actual injury" suffered as a result of any alleged denial of access to the courts based on Mustgrave's alleged refusal to provide him with the requested documents, assuming she had access to them. (ECF No. 1). This failure is fatal to a denial of access claim against Mustgrave. *See, e.g., Lewis*, 518 U.S. at 356.

Thus, in response to this Show Cause Order, Herrera should file an amended complaint showing the existence of an actual injury he suffered as a result of Mustgrave's acts or omissions. He must provide sufficient facts to show the existence of any actual injury alleged. *See Twombly*, 550 U.S. at 555–56, 570; FED. R. CIV. P. 8(a). If he fails to properly replead, Herrera's claims against Mustgrave are subject to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### K. *Improper Requests for Relief*

In addition to monetary damages, Herrera seeks to have disciplinary actions imposed upon Defendants — perhaps even criminal charges. (ECF No. 1). He also requests that he be permitted to appeal his conviction. (*Id.*). Other than his request for monetary damages, Herrera's requests for relief are improper in this section 1983 matter.

Herrera's request for disciplinary action is vague and improper in a section 1983 action. To the extent he seeks to have Defendants criminally prosecuted and jailed, he has no "judicially cognizable interest in the prosecution or nonprosecution of another." *Doe v. City of Pharr*, No. 7:14-CV-285, 2015 WL 12966230, at *4 (S.D. Tex. Feb. 19, 2015), *aff'd sub nom.*, 652 Fed. App'x 259 (5th Cir. 2016) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). "Third parties

do not enjoy a constitutionally protected right to have wrongdoers criminally investigated or prosecuted, even if a third party is the victim of an alleged wrongdoer[']s criminal acts." *Merritt v. City of Ennis*, No. Civ.A.3:04CV2606-G, 2005 WL 440408, at *3 (N.D. Tex. Feb. 24, 2005) (citing *Love v. Bolinger*, 927 F. Supp. 1131, 1137 (S.D. Ind.1996); *Nieves–Ramos v. Gonzalez–De–Rodriguez*, 737 F. Supp. 727, 728 (D. Puerto Rico 1990); *Johnson v. Craft*, 673 F. Supp. 191, 193 (S.D. Miss. 1987)).

As for his request to appeal his conviction, Herrera prosecuted a direct appeal, *see Herrera*, 2017 WL 5162634, and his time for filing a petition for discretionary review with the Texas Court of Criminal Appeals has expired. *See* TEX. R. APP. P. 68.2(a) (holding petition for discretionary review must be filed within thirty days after either the date of court of appeals' judgment or date of last timely motion for rehearing or timely motion for en banc reconsideration was overruled). Moreover, Herrera does not need this Court's permission to seek additional review through a collateral attack by way of a state post–conviction petition for writ of habeas corpus.

Thus, in any amended complaint, Herrera should include only those requests for relief that are available in a section 1983 action.

### RIGHT TO AMEND

Before dismissal of any of his claims, Herrera is entitled to amend to attempt to cure the deficiencies set out in this Show Cause Order. *See Neitzke*, 490 U.S. at 329. If Herrera fails amend his in accordance with this Show Cause Order, his claims may be dismissed for want of jurisdiction, failure to state a claim upon which relief may be granted, or for immunity as applicable. *See* U.S. CONST. amend. XI; 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), 1915A(b).

**IT IS THEREFORE ORDERED** that within thirty (30) days of the date of this Order, Herrera must show cause why his claims should not be dismissed by filing an amended complaint

that cures the noted deficiencies. **Any amended complaint should not exceed twenty (20) pages. Further, Herrera should present his amended claims by using the section 1983 complaint form provided by the Clerk of Court. The Clerk of Court is directed to provide Herrera with a copy of the section 1983 form.**

**Herrera is advised that any amended complaint will wholly supersede his original Complaint.**

If Herrera fails to comply with this Order, his Complaint may also be dismissed for failure to prosecute and failure to comply with this Show Cause Order. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

SIGNED this 16th day of March, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE