UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FRANCISCO HERRERA, § | |
| TDCJ #02151663, § | |
| § | |
| Plaintiff, § | |
| § | SA-21-CV-01266-XR |
| v. § | |
| § | |
| BEXAR COUNTY DISTRICT CLERKS, § | |
| ET AL. § | |
| § | |
| Defendants. § | |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Francisco Herrera's ("Herrera") 42 U.S.C. § 1983 Amended Civil Rights Complaint. (ECF. No. 13). The Court granted Herrera's request to proceed *in forma pauperis* ("IFP"). (ECF. Nos. 2, 4). After review, the Court orders Herrera's claims against Defendants Judge Mary Roman, Bexar County Assistant District Attorney Clarissa F. Pratt, and Bexar County Assistant District Attorney Jac Kemmy in their official capacities for monetary damages **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** based on sovereign immunity. (ECF. No. 13); *see* U.S. Const. amend. XI. The Court orders Herrera's remaining §1983 claims **DISMISSED WITH PREJUDICE** based on immunity, as frivolous, or for failure to state a claim upon which relief may be granted. (ECF. No. 13); *see* 28 U.S.C. §§ 1915(e)(2)(B)(i–iii), 1915A(b).

**Background**

Herrera was indicted in 2016 for aggravated assault with a deadly weapon "& SBI–Fam/Dating" in Bexar County cause number 2016CR6195. *See* Search Results (bexar.org) (last visited Oct. 10, 2022). The Bexar County District Attorney's Office moved to

dismiss the indictment in 2017 because "a material witness [was] out of the country." *See id.* The motion was granted. *See id.* Herrera was re–indicted for the same offense in 2017 in cause number 2017CR3850. *See* Search Results (bexar.org). Herrera entered a plea of no contest to the charged offense pursuant to a negotiated plea agreement. *See id.* On August 4, 2017, pursuant to the plea agreement, Herrera was convicted of the charged offense Bexar County cause number 2017CR3850; he was sentenced to sixteen years' confinement. *See* Texas Department of Criminal Justice Inmate Search (last visited Oct. 10, 2022); *see also* Search Results (bexar.org).

On the date of conviction and sentencing, Herrera filed a motion to withdraw his plea. *See* Search Results (bexar.org). The trial court denied the motion. *See id.* Herrera appealed to the Fourth Court of Appeals. *See Herrera v. State*, No. 04-17-00541-CR, 2017 WL 5162634 (Tex. App.—San Antonio Nov. 8, 2017, no pet.) (not designated for publication). The appellate court held that because the punishment assessed by the trial court did not exceed the punishment recommended by the State and agreed to by Herrera, the appeal was subject to dismissal; Herrera did not have a right to appeal. *Id.* at *1. Herrera did not challenge the appellate court's dismissal by filing a timely petition for discretionary review with the Texas Court of Criminal Appeals.

While confined in the Texas Department of Criminal Justice ("TDCJ"), Herrera filed this civil rights action pursuant to § 1983 based on events arising out of and related to his 2017 conviction. (ECF No. 1). In response to this Court's Show Cause Order, which pointed out numerous deficiencies in Herrera's Complaint, Herrera filed an Amended Complaint, naming as defendants: (1) Judge Mary D. Roman ("the Judge"); (2) the Bexar County District Attorney ("the DA"); (3) Bexar County Assistant District Attorneys Clarissa F. Pratt and Jac Kemmy ("the ADAs"); (4) Gerardo C. Flores, Herrera's court–appointed attorney in his state criminal

2

proceeding; (5) "Bexar County District Clerks" ("the Clerks"); (6) John C. Moncure ("Moncure"), State Counsel for Offenders Appellate Attorney; and (7) Tammi Mustgrave and Judy Lara, law librarians at TDCJ's Dalhart Unit ("the Librarians"). (*Id.*). Herrera seems to contend the Judge, the ADAs, and Flores violated his constitutional rights with regard to events occurring before and during his 2017 criminal proceedings. (*Id.*). He contends Moncure failed to assist him when requested. (*Id.*). As to the law librarians, Herrera appears to assert a First Amendment claim based on denial of access to the court. Finally, although named as Defendants, Herrera includes no allegations against either the DA or the Clerks. (*Id.*).

As relief, Herrera seeks compensatory damages. (*Id.*). He also seeks disciplinary action against Defendants and the right to appeal his conviction. (*Id.*).

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief

3

may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. Heck–Barred — the Judge, the DA, the ADAs, and Flores

To the extent Herrera has brought against the Judge, the DA, the ADAs, and Flores, such claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover for an alleged unconstitutional conviction or imprisonment, or other harm caused by unlawful action that would render a conviction or sentence

invalid, a plaintiff pursuing a § 1983 action "must prove his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87.

Herrera does not allege, must less prove, that his conviction has been reversed, expunged, declared invalid, or called into question. *See id.* As discussed above, Herrera's appeal to the Fourth Court of Appeals resulted in a dismissal. *See Herrera*, 2017 WL 5162634, at *1. This Court has reviewed the records from the Texas Court of Criminal Appeals and found no filings by Herrera challenging his conviction. Thus, any claims by Herrera against the Judge, the DA, the ADAs, and Flores are barred and subject to dismissal as frivolous and for failure to state a claim upon which relief may be granted until the conditions in *Heck* are met. *See Heck*, 512 U.S. at 486–87; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), 1915A(b)(1).

### B.  *Statute of Limitations — the Judge, the DA, the ADAs, and Flores*

To the extent Herrera's claims against the Judge, the ADAs, and Flores may not be *Heck*–barred, they are barred by limitations. Herrera's § 1983 claims against these Defendants are based on the 2016 dismissal of the original indictment and his 2017 indictment and conviction. (ECF Nos. 1, 13). However, Herrera did not file this action until 2021. (ECF No. 1).

Section 1983 contains no statute of limitations provision. *Owens v. Okure*, 488 U.S. 235, 39–40 (1989); *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016); *see* 42 U.S.C. § 1983. Thus, the applicable statute of limitations is determined by the general statute of limitations governing personal injury actions in the forum state. *Owens*, 488 U.S. 235, 39–40; *Heilman*, 636 F. App'x at 366. Texas has a two–year statute of limitations for personal injury claims. *See*

5

TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Ashley v. Hawkins*, 293 S.W.3d 175, 180 (Tex. 2009). The limitations period begins to run when the cause of action accrues, which is when the plaintiff knows or has sufficient information to know that he has suffered an injury. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). Courts may raise the defense of limitations *sua sponte* where it is clear from the face of a complaint filed IFP that the claims are barred. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

On the face of his original Complaint and Amended Complaints, Herrera expressly states the events forming the basis for his § 1983 claims against the Judge, the DA, the ADAs, and Flores occurred in 2016 and 2017. (ECF Nos. 1, 13). Herrera filed his original Complaint in this matter on December 20, 2021, more than two years after the events forming the basis of his civil rights claims against these Defendants. (ECF No. 1). Thus, any claims against these Defendants are barred by the applicable statute of limitations. *See Piotrowski*, 237 F.3d at 576. Herrera does not raise any valid contentions regarding the tolling of limitations. (ECF No. 13). Accordingly, to the extent he brings claims against the Judge, the DA, the ADAs, and Flores, such claims are subject to dismissal for failure to state a claim upon which relief may be granted based on limitations. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### C. Immunity — The Judge

#### 1. Eleventh Amendment — Official Capacity

To the extent Herrera's claims are brought against the Judge in her official capacity for monetary damages or other retrospective relief, such claims are barred by the Eleventh Amendment. *See* U.S. CONST. amend. XI. The Eleventh Amendment bars suits by private citizens

against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With regard to § 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities, they are not deemed "persons" for purposes of § 1983. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, § 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

Texas state judges are agents of the State of Texas when acting in their judicial capacity. *See, e.g., Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008). Accordingly, the Court finds Herrera's claims against the Judge in her official capacity for monetary damages or other retrospective relief are barred by sovereign immunity under the Eleventh Amendment. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. amend. XI.

2. *Judicial Immunity – Individual Capacity*

To the extent a plaintiff seeks monetary damages, judges generally have absolute immunity from suit. *See Mireles v. Waco,* 502 U.S. 9, 9–10 (1991); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 222 (5th Cir. 2009). In *Forrester v. White*, the Supreme Court described the purposes served by judicial immunity:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have .... If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

484 U.S. 219, 226–27.

However, absolute judicial immunity does not apply in certain limited circumstances. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. First, judges are not immune from liability for non–judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Second, judges are not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Finally, judges are not immune when the plaintiff seeks prospective relief for an allegedly ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908). Allegations

of bad faith or malice are not sufficient to overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Herrera has failed to establish or allege any reason the Judge is not entitled to immunity. Accordingly, to the extent Herrera seeks monetary damages, the Court finds the Judge in her individual capacity is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### D. Immunity — the DA & the ADAs

#### 1. Eleventh Amendment — Official Capacity

To the extent Herrera brings claims against the DA and the ADAs in their official capacities for monetary damages, such claims are barred by the Eleventh Amendment based on the same law as cited above. *See* U.S. CONST. amend. XI. The Fifth Circuit has stated on numerous occasions that district attorneys and assistant district attorneys in Texas are agents of the state when acting in their prosecutorial capacities. *See, e.g., Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). Thus, to the extent Herrera brings claims against the DA and the ADAs in their official capacities for monetary damages or other retrospective relief, such claims are subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. amend. XI.

#### 2. Prosecutorial Immunity — Individual Capacities

To the extent Herrera asserts § 1983 claims against the DA and the ADAs in their individual capacities for monetary damages, it appears such claims are also barred by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269–73 (1993); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Prosecutors are absolutely immune from liability in a civil rights lawsuit seeking monetary or other retrospective relief for any actions taken by them within the course and scope of representing governmental agencies and subdivisions in judicial proceedings, i.e., when acting

as advocates of the state. *Buckley*, 509 U.S. at 269–73; *Booker*, 2 F.3d at 116. "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. Prosecutors are immune even if their actions are malicious or willful if the actions occur in the exercise of the advocatory function. *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003).

Herrera has not alleged any facts showing the the DA or the ADAs were acting outside the course and scope of their roles as advocates for the State of Texas with regard to the criminal prosecution against him. (ECF No. 13). Thus, the Court finds the DA and the ADAs are immune and to the extent Herrera asserts any claims against them, such claims are subject to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### E.  *Non–State Actor — Flores*

Herrera contends his court–appointed trial attorney violated his civil rights during his state criminal proceeding. (ECF No. 13). To state a claim under § 1983, a plaintiff must show the defendant violated his constitutional rights while acting *under color of state law*, i.e., was a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014); *see* 42 U.S.C. § 1983. Neither a court–appointed attorney nor a privately–retained attorney are state actors for purposes of § 1983. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)).

Flores, as Herrera's court–appointed criminal defense counsel, is a non–state actor and therefore, not subject to suit under § 1983 conduct unless Herrera can show Flores's conduct is

"fairly attributable to the State." *See Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017). Although Herrera summarily states in his Amended Complaint that Flores's conduct is "attributable to state for prejudice me," he provides no factual basis supporting this bare assertion. (ECF No. 13). This conclusory allegation is insufficient to permit a § 1983 claim against Flores. *See Twombly*, 550 U.S. at 555. Thus, Herrera's claims against Flores are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

F. *Absence of Allegations — the DA and the Clerks*

Although Herrera listed the DA and the Clerks as defendants in his Amended Complaint, he seemingly asserts no actual allegations against these Defendants. (ECF No. 13). To state a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must include allegations with "enough facts to state a claim to relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Thus, under the notice pleading requirement for a federal lawsuit, Herrera is required, among other things, to: (1) state with particularity the acts or omissions committed by those he claims caused him damage; and (2) identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a). The Court finds Herrera has failed to comply with Rule 8 with regard to the DA and the Clerks. Accordingly, his claims against these Defendants are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### G. Vague, Conclusory Allegations — Moncure

Herrera conclusorily alleges that Moncure, who he contends is an appellate attorney for the State Counsel for Offenders, refused to "help" him.[1] (ECF No. 1). Herrera does not explain Moncure's duty to assist him, how Moncure's alleged refusal is a violation of his constitutional rights, or what right or rights were violated. (*Id.*).

As set out above, to comply with Rule 8(a), a plaintiff must include in his Complaint "enough facts to state a claim to relief that is plausible on its face[,]" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a). Thus, under Rule 8(a), with respect to Moncure, the Court finds Herrera has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### H. Denial of Access to Courts — the Librarians

Herrera contends the law librarians for the Dalhart Unit deprived him of copies of his court records and New York case law. (ECF No. 1). The Court interprets this as a First Amendment denial of access to courts claim. *See* U.S. CONST. amend. I.

Inmates have a constitutionally protected right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). Although the precise contours of an inmate's right of access to the courts under the First Amendment remain somewhat obscure, *see Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir. 1993), in *Lewis v. Casey*, the Supreme Court stated an inmate must show an "actual

---

[1] The State Counsel for Offenders ("SCFO") provides legal services exclusively to indigent persons confined in Texas correctional facilities. *See* https://www.tdcj.texas.gov/tbcj/scfo/index.html (last visited Oct. 10, 2022). It reports to the Texas Board of Criminal Justice but is independent of and not a division of the TDCJ. *Id.* The Appellate Section of the SCFO assists indigent clients needing help with ***some*** habeas writs. *See* https://www.tdcj.texas.gov/tbcj/scfo/appellate_section.html (last visited Oct. 10, 2022) (emphasis added). It may also pursue appeals on behalf of clients previously represented by the Criminal Defense Section of the State Counsel for Offenders. *Id.* Attorneys in the Appellate Section ***may*** also assist clients "who discover substantial errors in regard to their convictions." *Id.* (emphasis added).

12

injury." 518 U.S. 343, 349–51 (1996); *see Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). The Court explained this requires the inmate show more than the inability to file a claim; rather, he must show he would have been able to bring a nonfrivolous claim with arguable legal merit but could not because of defendant's acts or omissions. *Id.* at 351–53; *see Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Moreover, the inmate must show that he was prejudiced in a specific lawsuit. *Minix v. Stoker*, 289 F. App'x 15, 17 (5th Cir. 2008) (per curiam) (citing *McDonald v. Steward,* 132 F.3d 225, 230–31 (5th Cir.1998)). In the absence of a showing of an actual injury, an inmate lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

Here, Herrera provides no details concerning any particular legal matter in which he was unable to file a claim or otherwise participate, nor does he demonstrate how such litigation involved "arguable claims." Thus, Herrera fails to allege an "actual injury" suffered as a result of any alleged denial of access to the courts based on the Librarians' alleged refusal to provide him with the requested documents, assuming they had access to them. (ECF No. 13). This failure is fatal to a denial of access claim. *See, e.g., Lewis*, 518 U.S. at 356. Accordingly, Herrera's claims against the Librarians are subject to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### I. *Improper Requests for Relief*

In addition to monetary damages, Herrera seeks to have undefined disciplinary actions imposed upon Defendants. (ECF No. 13). He also requests that he be permitted to appeal his criminal conviction. (*Id.*).

Herrera's request for disciplinary action is vague and improper in a § 1983 action. As for his request to appeal his conviction, Herrera prosecuted a direct appeal, *see Herrera*, 2017 WL 5162634, and his time for filing a petition for discretionary review with the Texas Court of

Criminal Appeals has expired. *See* Tex. R. App. P. 68.2(a). Moreover, Herrera does not need this Court's permission to seek additional review through a collateral attack by way of a state post–conviction petition for writ of habeas corpus.

## Conclusion

Herrera was given an opportunity to amend his Complaint to correct the deficiencies set out in the Court's Show Cause Order. Herrera failed to correct the deficiencies in his Amended Complaint and therefore, the Court finds Herrera's claims are subject to dismissal based on the analysis set out above.

**IT IS THEREFORE ORDERED** that Herrera's 42 U.S.C. § 1983 claims against Defendants Judge Mary Roman, the Bexar County District Attorney, Bexar County Assistant District Attorney Clarissa F. Pratt, and Bexar County Assistant District Attorney Jac Kemmy in their official capacities for monetary damages (ECF No. 13) are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** based on sovereign immunity. *See* U.S. Const. amend. XI.

**IT IS FURTHER ORDERED** that Herrera's remaining 42 U.S.C. § 1983 claims (ECF. No. 13) are **DISMISSED WITH PREJUDICE** based on immunity, as frivolous, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i–iii), 1915A(b).[2]

It is **SO ORDERED**.

**SIGNED** this 11th day of October, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Herrera's claims against Defendants Judge Mary Roman, Bexar County Assistant District Attorney Clarissa F. Pratt, and Bexar County Assistant District Attorney Jac Kemmy as dismissed as *Heck*–barred, they are dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted until the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994) are met. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), 1915A(b)(1).